UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BENJAMIN W. ESPINOSA,

        Plaintiff,

v.

JAMES DZURENDA et al.,

        Defendants.

3:17-cv-00669-RCJ-WGC

**ORDER**

Benjamin W. Espinosa ("Plaintiff"), who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.   SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

Plaintiff sues multiple defendants for events that took place at Lovelock Correctional Center ("LCC") and Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1.) Plaintiff names as Defendants: NDOC Director James Dzurenda, LCC Associate Warden Tara Carpenter, LCC Associate Warden William Sandie, NNCC Warden Isidro Baca, LCC Law Library Supervisor Pamela Feil, NNCC Law Library Supervisor Pauline Simmons, Board of Prison Committee Brian Sandoval, Board of Prison Committee Adam Laxalt, Board of Prison Committee John Doe, State of Nevada, NNCC Correctional Officer John Doe, and Inmate Banking Services John Does 3-4.[1] (*Id.* at 2-4.) Plaintiff alleges three counts and seeks damages as well as injunctive and declaratory relief. (*Id.* 12, 16-17.)

---

[1]The Court dismisses with prejudice all claims against the State of Nevada, as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

**A. Count I**

In Count I, Plaintiff generally alleges that Dzurenda, Carpenter, Sandie, Baca, Feil, Simmons, Sandoval, Laxalt, and John Does 1-4 violated his right of access to the courts. (ECF No. 1-1 at 10.) These individuals, who are policy makers, board members, and decision makers, implemented institutional policies that denied Plaintiff meaningful access to the courts. (*Id.*)

Specifically, in case number 3:14-cv-00668-RCJ-VPC, Plaintiff brought this civil rights action challenging certain conditions of his confinement. (*Id.* at 5.) Naming as defendants various NDOC officials and employees, he sought redress for the alleged denial of medical care. (*Id.*) In filing the above-mentioned case, Plaintiff sought out assistance from an inmate to prepare and file the complaint. (*Id.*) The reason being, the LCC law library, which functions on a cite-specific paging system, does not provide trained legal assistants in preparing and filing legal documents. (*Id.* at 5-6.) Plaintiff attempted to litigate his case, incurring expenses as a result, but was hampered by the denial of trained assistance, physical access to the law library, and relevant case law. (*Id.* at 6.) As a result, the court granted summary judgement in favor of the defendants. (*Id.*) Plaintiff alleges a claim for denial of access to the courts. (*Id.* at 10.)

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. It is this "capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id.* at 356-57.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that

flows from the standing doctrine and may not be waived. *Id.* at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Id.* at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id.* at 353 n.3, 354-55.

The Court finds that Plaintiff fails to state a colorable right of access to the courts claim. Plaintiff identifies one case allegedly affected by the denial of trained assistance, physical access to the law library, and relevant case law, i.e., *Benjamin W. Espinosa v. Robert Bannister et al.*, 3:14-cv-668-RCJ-VPC. (ECF No. 1-1 at 5.) As a result, the court granted summary judgement in favor of the defendants. (*Id.* at 6.) But even assuming Plaintiff was entitled to the access and assistance he claims was denied, the allegations of the complaint and the matters of which the Court can take judicial notice (the docket in the relevant underlying civil case) show no resulting injury, because the Court denied summary judgment not because of a failure to cite appropriate case law but because of a failure to present evidence creating a genuine issue of material fact as to any deliberate indifference under the Eighth Amendment. No amount of law library access or legal assistance would have changed the result.

Count I is dismissed, with leave to amend. If Plaintiff chooses to cure the deficiencies outlined in Count I, he must adequately allege facts showing what each Defendant did to violate his right to access to the courts, and these allegations must meet the requirements for stating a colorable access to the courts claim.

**B. Count II**

In Count II, Plaintiff alleges that Dzurenda, Carpenter, Sandie, Baca, Feil, Simmons, Sandoval, Laxalt, and John Does 1-4 violated the Equal Protection Clause and Takings Clause (ECF No. 1-1 at 11.) These Defendants violated the Takings Clause by setting and enforcing policies that overcharged inmates for legal supplies. (*Id.*)

### i. Equal Protection Clause

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The Court finds that Plaintiff fails to state a claim for Equal Protection Clause violations. There are no allegations that Plaintiff is a member of a protected class or that defendants are purposefully treating him differently than similarly situated individuals. As such, this claim is dismissed, with leave to amend.

### ii. Takings Clause

The Takings Clause of the Fifth Amendment, made applicable to the states through the Fourteenth, *see Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226 (1897), provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. To state a claim under the Takings Clause, a plaintiff must first establish that he possesses a constitutionally protected property interest. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000-01 (1984); *McIntyre v. Bayer*, 339 F.3d 1097, 1099 (9th Cir. 2003). Here, Plaintiff's personal property was not confiscated by Defendants for a public purpose and his takings claim therefore fails as a matter of law. As such, this portion of Count II is dismissed with prejudice because amendment would be futile.

### C. Count III

Plaintiff fails to state a colorable claim in Count III for violations of the Nevada Constitution and Nevada Revised Statutes. Here, Plaintiff generally claims violations of Article 1 Section 1 (Inalienable Rights), Article 1 Section 6 (Excessive Bail and Fines),

and Article 1 Section 8 (Rights of Accused in Criminal Prosecutions). (ECF No. 1-1 at 12.) Further, NRS Chapter 209 creates the NDOC and does not provide Plaintiff with a private right of action. As such, the Court dismisses Count III with prejudice because amendment would be futile.

**D. Leave to Amend**

Plaintiff is granted leave to file a first-amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file a first-amended complaint he is advised that a first-amended complaint supersedes (replaces) the original and, thus, the first- amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's first-amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the first-amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file a first-amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the first-amended complaint within twenty-eight (28) days from the date of entry of this order. If Plaintiff does not timely file a first amended complaint curing the stated deficiencies, the action may be dismissed with prejudice for failure to state a claim without further notice.

**III. CONCLUSION**

IT IS HEREBY ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is DEFERRED.

IT IS FURTHER ORDERED that the Clerk shall file the Complaint (ECF No. 1-1)

1  and send Plaintiff a copy.

2  IT IS FURTHER ORDERED that Count I and the equal protection claim under
3  Count II are DISMISSED, with leave to amend.

4  IT IS FURTHER ORDERED that Count III and the takings claim under Count II are
5  DISMISSED with prejudice.

6  IT IS FURTHER ORDERED that the State of Nevada is dismissed as a Defendant,
7  with prejudice, from the entirety of the case.

8  IT IS FURTHER ORDERED that if Plaintiff chooses to file a first amended
9  complaint curing the deficiencies of the complaint, as outlined in this Order, Plaintiff shall
10 file it within twenty-eight (28) days from the date of entry of this order.

11 IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the
12 approved form for filing a § 1983 complaint and instructions. If Plaintiff chooses to file a
13 first amended complaint, he must use the approved form and write the words "First
14 Amended" above the words "Civil Rights Complaint" in the caption.

15 IT IS FURTHER ORDERED that if Plaintiff chooses to file a first-amended
16 complaint, the Court will screen the first-amended complaint in a separate screening
17 order. The screening process will take *at least* several months.

18 IT IS FURTHER ORDERED that if Plaintiff does not timely file a first amended
19 complaint curing the stated deficiencies, the action may be dismissed with prejudice for
20 failure to state a claim without further notice.

21 IT IS SO ORDERED.

22 DATED: This 6th day of November, 2018.

Robert C. Jones
United States District Judge